JUDGE ABRAMS

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **13 CIV 1520** |

| | |
|---|---|
| CONCORD INVESTMENT PARTNERS HOLDINGS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　-against-<br><br>STRATEGIC MINERALS PLC,<br><br>　　　　　　Defendant. | Case No.: 1:13-CV-_____ ( )( )<br><br>ECF Case<br><br>**COMPLAINT** |



RECEIVED MAR 07 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Concord Investment Partners Holdings, LLC, by its attorneys, Manatt, Phelps & Phillips, LLP, for its complaint alleges:

## NATURE OF ACTION

1. Plaintiff Concord Investment Partners Holdings, LLC ("Concord") sues defendant Strategic Minerals PLC ("SML") for breach of its agreement to compensate Concord whenever SML sells iron ore concentrate to Glencore AG ("Glencore").

## PARTIES, JURISDICTION AND VENUE

2. Concord is a Delaware limited liability company. Its membership interests are owned by Edward W. Scott, a resident and citizen of the State of Connecticut. Its principal place of business is located at 55 Meadow Road, Riverside, Connecticut.

3. Upon information and belief, SML is a public limited company organized and existing under the laws of the United Kingdom having its principal place of business at Finsgate 5-7, Cranwood Street, London, England.

4. Upon information and belief, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of

$75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen of a foreign state.

5. Upon information and belief, venue in the Southern District of New York is proper under 28 U.S.C. § 1391(a) and (c) because it is a judicial district in which a substantial part of the events or omissions giving rise to Concord's claims occurred and in which SML is subject to personal jurisdiction at the time of commencement of this action.

## FIRST CLAIM FOR RELIEF

6. Upon information and belief, SML is engaged in the development and sale of iron ore concentrate.

7. In and between late 2011 and early 2012, Concord worked intensely to help arrange an agreement for SML's sale of iron ore concentrate to Glencore, a company with which Concord had a strong relationship.

8. On March 9, 2012, SML and Glencore entered into Glencore Contract No. 025.12.27096-P which provides for SML's sale of iron ore concentrate to Glencore, specifying a base quantity of 800,000 metric tons and affording Glencore options for additional iron ore material.

9. As of March 9, 2012, Concord and SML entered into a written consulting agreement (the "Agreement") in which SML agreed to compensate Concord when SML sells to Glencore any iron ore concentrate. A copy of the Agreement is attached as Exhibit A.

10. Referring to Concord as the "Consultant" and to iron ore concentrate as "Materials," Section 1 of the Agreement states: "The Consultant has introduced SML to Glencore and, as a result, SML has agreed to pay the Consultant the compensation described in Section 2 of this Agreement, in the event that SML sells any Materials to Glencore."

11. Section 2 of the Agreement states: "Should SML sell any Materials, regardless of the form of such Materials or payment, SML agrees to pay the Consultant US$1.00 per metric ton of the sold Materials (the 'Fee'), payable to Consultant within 10 days of SML's receipt of payment from Glencore."

12. Section 3 of the Agreement states: "The Fee shall remain in place for the length of any agreement between SML and Glencore, including any amendment or extensions thereof. Any subsequent agreement or purchase within two (2) years following the expiration of the last agreement or the last sale, whichever occurred later, shall be considered an agreement extension from the original SML sale."

13. Upon information and belief, SML has made two sales of Materials to Glencore pursuant to Glencore Contract No. 025.12.27096-P aggregating not less than 100,000 metric tons and has received payments from Glencore for those sales.

14. With respect to the foregoing sales, SML is required to pay compensation to Concord as provided in the parties' Agreement.

15. SML has failed and refused to pay any such compensation to Concord.

16. By reason of the foregoing, SML is liable to Concord in an amount to be determined in this action, but which Concord alleges upon information and belief to be not less than $100,000, together with interest as provided by law.

## SECOND CLAIM FOR RELIEF

17. Concord repeats the allegations contained in paragraphs 1 through 12.

18. Upon information and belief, SML intends to sell to Glencore, and Glencore intends to purchase from SML, additional quantities of Materials pursuant to Glencore Contract No. 025.12.27096-P, subject to a recent amendment of that agreement.

19. Under the parties' Agreement, SML shall be liable to Concord for compensation with respect to all additional sales of Materials by SML to Glencore made prior to the entry of judgment in this action.

### THIRD CLAIM FOR RELIEF

20. Concord repeats the allegations contained in paragraphs 1 through 19.

21. Section 5 of the Agreement states: "Should any legal proceeding be necessary to construe or enforce the provisions or [sic] this Agreement, then the prevailing party in such legal action shall be entitled to recover all court costs, reasonable attorney fees and costs of enforcing or collecting any judgment awarded."

22. If Concord is the prevailing party in this action, it shall be entitled to recover from SML all costs and fees as provided in Section 5 of the Agreement.

**WHEREFORE,** Concord demands judgment against SML as follows:

(a) On the First Claim for Relief, for compensation with respect to SML's two prior sales of Materials to Glencore in amount to be determined in this action, but which Concord alleges upon information and belief to be not less than $100,000, with interest;

(b) On the Second Claim for Relief, for compensation as provided in the Agreement with respect to any and all additional sales of Materials by SML to Glencore made prior to the entry of judgment in this action, with interest;

(c) On the Third Claim for Relief, an award of court costs, reasonable attorneys' fees and other costs as provided in Section 5 of the parties' Agreement if Concord is determined to be the prevailing party in this action; and

(d) On all claims, costs as provided by law and such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Concord hereby demands a trial by jury of all claims herein so triable.

Dated: New York, New York.
      March 7, 2013

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Eli R Mattioli

7 Times Square
New York, NY 10036
(212) 790-4500

Attorneys for Plaintiff
Concord Investment Partners Holdings, LLC

200990460.3

# EXHIBIT A

## Consulting Agreement

**THIS CONSULTING AGREEMENT** (this "Agreement") is made dated as of the 9th day of March, 2012 by and between Concord Investment Partners Holdings, LLC (the "**Consultant**"), a company with principal office at 55 Meadow Road, Riverside, CT 06878, and Strategic Minerals PLC (the "**SML**"), a UK registered company with its registered office at Finsgate 5-7, Cranwood Street, London, EC1V 9EE, United Kingdom.

**WHEREAS**, the Consultant has introduced SML to Glencore AG ("**Glencore**") in return for SML's agreement to pay the Consultant compensation for this introduction to Glencore whenever SML sells any iron ore concentrate (the "**Materials**") to Glencore;

**WHEREAS**, SML desires to retain and compensate the Consultant, pursuant to this Agreement, for its introduction to Glencore;

**NOW THEREFORE**, the following represents the mutual agreement, in consideration of each other's promises or acts with respect to this Consulting Agreement. Therefore, the parties herein agree as follows:

**1. SML.** The Consultant has introduced SML to the Glencore and, as a result, SML has agreed to pay the Consultant the compensation described in Section 2 of this Agreement, in the event that SML sells any Materials to Glencore.

**2. Fee.** Should SML sell any Materials, regardless of the form of such Materials or payment, SML agrees to pay the Consultant US$1.00 per metric ton of the sold Materials (the "**Fee**"), payable to Consultant within 10 days of SML's receipt of payment from Glencore. Payment shall be made by bank wire transfer pursuant to the following wiring instructions:

> Concord Investment Partners Holdings LLC
> JPMorgan Chase Account # 826976078
> ABA # 021000021
> Swift CHASUS33
> 1150 East Putnam Avenue Riverside, CT 06878
> Contact Officer:
> Ms. Peggy Won
> 203 637 6784
> peggy.k.won@chase.com

**3. Duration of Agreement.** The Fee shall remain in place for the length of any agreement between SML and Glencore, including any amendments or extensions thereof. Any subsequent agreement or purchase within two (2) years following the expiration of the last agreement or the last sale, whichever occurred later, shall be considered an agreement extension from the original SML sale.

**4. Limitation of Service.** This Agreement relates solely to the Consultant's services as a Consultant in introducing SML to Glencore. There are no additional services that the Consultant

is required to perform to be entitled to the above compensation in the event a sale is made. The Consultant will have no responsibility for nor will the Consultant make recommendations concerning the terms, conditions or provisions of any agreement between SML and Glencore, including the manner or means of consummating the transaction.

**5. Miscellaneous.** This Agreement shall be binding upon all parties and their respective successors and permitted assigns. This Agreement may be changed only by the written consent of all parties. This Agreement may not be assigned by either party without the written consent of the other. This Agreement is the entire agreement between the Consultant and SML. Should any legal proceeding be necessary to construe or enforce the provisions or this Agreement, then the prevailing party in such legal action shall be entitled to recover all court costs, reasonable attorney fees and costs of enforcing or collecting any judgment awarded. The judgment by any court of law that a particular section of this Agreement is illegal shall not affect the validity of the remaining provisions. This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

For and on behalf of:
**CONSULTANT**

**Concord Investment Partners Holdings, LLC**

_____
By: Edward Scott
Its: Partner

For and on behalf of:
**SML**

**Strategic Minerals PLC**

_____
By: Steven Sanders
Its: Chairman